Concurring Opinion.
Marr, J.
The defendant waived his right to a trial by jury by his failure to demand it before the jury had been discharged.
The right to trial by jury is not dependent upon the discretion of the judge; but the law requires that it shall be specially prayed for, and that the jury fee be paid. When the jury fee is not paid at the time the prayer for jury trial is filed, the court, of course, will disregard it, and proceed without jury if the fee be not paid before the case is fixed for trial, or, where there is no special fixing, before it is reached in due course. If before the fee is paid, the jury be discharged, the granting of a trial by jury would simply operate a continuance for the term 'merely because of the laches of the party appealing for it, and his failure to comply with the requirement of the law.
Ordinarily, when the prayer for trial by jury is filed, and the jury fee is paid, it is the business of the clerk to mark it on the docket as a ease to be tried by jury. But in this case, the application for trial by jury had been passed upon by the court, and overruled. Right or wrong, this ruling was obligatory on the clerk; and he could not, while that order remained unrevoked, disregard it, and treat the case as one to be tried by jury.
At the ensuing term there was no application for trial by jury before the court. It was the business of defendant, if he still desired to avail himself of the right to trial by jury, to have renewed his application. The right was perfect; and if the application had been made before the jury was discharged, it could not, legally, have been refused by the court, as the jury fee had already been deposited with the clerk. The defendant did not do this. He waited until after the jury had been discharged, and it was no longer possible for him to have a trial by jury at that term, without putting the parish to the expense of a new jury, called for that case alone. The application, therefore, came too late; and the court did not err in trying the case without jury.
I concur in the conclusions and decree of the court.